

# NUMBER 13-18-00175-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SEDRICK JERMAINE TOWNSEND,                                    Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 435th District Court
### of Montgomery County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

Appellant Sedrick Jermaine Townsend[1] was indicted in Montgomery County[2] for

---

[1] The indictment refers to defendant by the name Sedrick Jermaine Townsend, but the enhancement paragraph refers to him as Sedric Jermaine Townsend.

[2] This cause is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN § 73.001 (West, Westlaw through 2017 1st C.S.). Because this is a transfer case, we apply precedent of the transferring court of appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

aggravated robbery using a deadly weapon, a first-degree felony with an enhancement for a previous felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.42(b), 29.03 (West, Westlaw through 2017 1st C.S.). Appellee, the State of Texas, agreed to proceed on the lesser included offense of second-degree robbery in exchange for Townsend's guilty plea and plea of true to the enhancement. *See id.* § 29.02 (West, Westlaw through 2017 1st C.S.). Because of Townsend's prior felony conviction, his punishment range was enhanced to that of a first-degree felony.[3] Townsend waived his right to a jury trial for punishment. Following a punishment hearing, the trial court sentenced Townsend to life imprisonment in the Texas Department of Criminal Justice–Institutional Division. The trial court certified Townsend's right to appeal his sentence.

Townsend's court-appointed appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). By eight issues that we construe as six, Townsend filed a separate pro se response claiming: 1) counsel failed to raise an insanity defense; 2) counsel failed to obtain an independent psychiatric examination to determine Townsend's competency to stand trial; 3) multiple witnesses testified that Townsend was not in the jewelry store when it was robbed; 4) several witnesses testified to conflicting facts and counsel failed to object; 5) counsel failed to obtain video evidence, failed to test the prosecution's case, and his failures rendered his performance ineffective; and 6)

---

[3] Townsend's originally charged crime with enhancement carried a minimum sentence of fifteen years imprisonment. *See* TEX. PENAL CODE ANN. §§ 12.42(c)(1), 29.03 (West, Westlaw through 2017 1st C.S.). Under the original aggravated robbery with a deadly weapon charge, if the trial court made the deadly weapon finding, Townsend would not be eligible for parole until he served at least half of his sentence or thirty years, whichever is less. *See* TEX. GOV'T CODE ANN. § 508.145(d)(1)(B) (West, Westlaw through 2017 1st C.S.). The lesser included offense of robbery does not include an allegation of a deadly weapon which resulted in Townsend's eligibility for parole much sooner. *Id.* § 508.145(f).

appellate counsel failed to file a motion for new trial or to raise trial counsel's failure to provide reasonably effective counsel. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders*, Townsend's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State* and *Kelly v. State*, Townsend's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014). Townsend's counsel also advised this Court that he: (1) notified Townsend that he has filed an *Anders* brief and a motion to withdraw; (2) provided Townsend with copies of both pleadings; (3) informed Townsend of his rights to file a pro se response,[4] review the record preparatory

---

[4] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather the response should identify for the

3

to filing that response, and seek discretionary review if we conclude that the appeal is frivolous; (4) provided Townsend with a copy of the appellate record; and (5) informed Townsend that the pro se response, if any, should identify for the Court those issues which he believes the Court should consider in deciding whether the case presents any meritorious issues. *See Anders*, 386 U.S. at 744; *Kelly,* 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

## I.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record, counsel's brief, and Townsend's pro se response, and we find nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the

---

court those issues which the indigent appellant believes the court should consider in deciding whether to case presents any meritorious issues." *See In re Schulman*, 252 S.W.3d 403, 407 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

4

issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.   There is no reversible error in the record.

### III.   MOTION TO WITHDRAW

In accordance with *Anders*, Townsend's attorney has asked this Court for permission to withdraw as counsel.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffrey v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).   We grant counsel's motion to withdraw. Within five days of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Townsend and advise him of his right to file a petition for discretionary review.[5]   *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex Parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[5] No substitute counsel will be appointed.   Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.   Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* R. 68.3, and should comply with the requirements of the Texas Rule of Appellate Procedure 68.4.   *See id.* R. 68.4.

## IV. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
31st day of January, 2019.

6